## HARPER *v.* TERRY, jailer.

1. Where a defendant in bail-trover proceedings is apprehended and confined in jail, and makes application for discharge from custody, alleging that on account of her poverty she is unable to give the bond or security required by law, and is unable to produce the property, that the property is not in her custody or control, and that she at no time had possession or control of the property; and the judge hearing such application for discharge refuses it and remands the applicant to custody, the effect of a supersedeas upon the suing out of a bill of exceptions to have this judgment reviewed is not to release the applicant from custody, but the case is left in statu quo. The applicant, being already in custodia legis, is properly remanded until the determination of the questions raised in the bill of exceptions by the reviewing court.

2. The court did not err in refusing to discharge the petitioner in the habeas-corpus proceedings. She was not detained in jail under "a mere semblance of law." The order of court under which she was restrained of her liberty was one granted by a judge of the superior court after hearing the application, made by the party herself, for discharge from custody under bail process. Whether that order refusing the discharge on that hearing was erroneous or not will be determined upon a review of that judgment, that question having been brought up for determination by the reviewing court. But it is not a void judgment. It is a binding adjudication until reversed or set aside.

.APRIL 18, 1913.

Habeas corpus. Before Judge J. B. Park. Baldwin superior court. December 17, 1912.

*Sibley & Sibley*, for plaintiff.

BECK, J. Rebecca Harper filed her application for a writ of habeas corpus against S. L. Terry, jailer of Baldwin county, alleging that she was illegally restrained of her liberty and held in the jail. This application, coming on to be heard on the 17th day of December, 1912, before the judge of the superior court, was refused, and the applicant was remanded. To this judgment she excepted. It appeared on the trial of the case that the applicant had been taken into custody of the sheriff in certain bail-trover proceedings instituted against the applicant by Georgia Jeffers. Afterward Rebecca Harper made application for discharge, alleging that she was neither able to give the bond and security required by law nor to produce the property, and denying that she had in her possession, custody, or control the property to recover which the bail-trover proceedings had been instituted. Upon the hearing of this application she was remanded to the custody of the jailer. To this judgment she sued out a bill of exceptions to have the

judgment reviewed in the Supreme Court, and filed two affidavits; one stating that she had been advised by her counsel that she had good cause for writ of error, and that she was unable, because of her poverty, to pay the costs or give the bond or security for the eventual condemnation-money; the other stating that she was unable to pay the costs in the case. On the hearing of the habeas-corpus case appeared the following, in addition to the facts recited in the foregoing statement: In 1912 the applicant was appointed temporary administratrix of the estate of her deceased husband, Clifford Harper, by the court of ordinary of Baldwin county. As such she collected, on November 4, 1912, $730 from the National Bank of Brunswick, Georgia, and in the following months she secured possession of a trunk and other personal effects belonging to the deceased. She has not produced the money sued for in the bail-trover proceeding, and has given no bond to secure its production.

1. It is contended by counsel for plaintiff in error, in the first place, that the detention of plaintiff in error in the jail was illegal, because upon the hearing of the application for discharge from custody in the bail-trover case the filing of the pauper affidavits referred to in the statement of facts operated as a supersedeas, and consequently that the applicant for discharge, the plaintiff in error here, should have been released from custody until the hearing and determination in the reviewing court of the bill of exceptions sued out to the order of the judge refusing the application for discharge from custody under the bail-trover proceedings. But we are of the opinion (conceding that, the bill of exceptions having been sued out, the filing of the affidavit referred to operated as a supersedeas without any express order from the court granting a supersedeas) that the effect of such a supersedeas was to leave the case and the applicant for discharge in statu quo. The applicant was already in custody of the law; the judgment refusing her discharge had no other effect than to leave her where she was at the time of the filing of the application. A supersedeas would not have the effect of changing the status and releasing the party held in custody.

2. The ruling made in the second headnote does not require elaboration. See, in this connection, the case of *Harper* v. *Jeffers*, *ante*, 756.    *Judgment affirmed. All the Justices concur.*